UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONTIE S. MITCHELL,

                    Plaintiff,

                v.

COMMISSIONER GLENN S. GOORD,
SUPERINTENDENT JOHN BURGE,
CAPTAIN WENDERLICH,
LIEUTENANT HUGHES and
CORRECTIONAL OFFICER HUGHES,

                  Defendants.

_____

REPORT & RECOMMENDATION
and DECISION & ORDER

06-CV-6197CJS

## PRELIMINARY STATEMENT

Plaintiff Dontie S. Mitchell ("Mitchell") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that defendants violated his First Amendment right to freedom of association.  (Docket # 1).  The instant action was referred to this Court for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  (Docket # 5).

Currently pending before the Court are plaintiff's motions to amend his complaint and to expedite his motion to amend.  (Docket ## 61, 68).[1]

_____

[1]  This Report and Recommendation addresses Mitchell's motion to amend; thus, the motion to expedite is denied as moot.

## FACTUAL BACKGROUND

Mitchell originally filed the instant action on April 3, 2006, against the Commissioner of the New York State Department of Correctional Services ("DOCS") and various officers of the Elmira Correctional Facility. (Docket # 1 at ¶¶ 2-6). Specifically, Mitchell alleges that on March 28, 2006, the defendants violated his First, Fifth and Fourteenth Amendment rights by confiscating literature he possessed from the National Afrikan Collectivists Association under Rule 105.12, which prohibits inmates from possessing unauthorized organizational materials. (*Id*. at ¶ 18; Docket # 13 at 2). Seven months later, he moved to amend the original complaint and for appointment of counsel. (Docket # 18).

By decision and order dated April 30, 2007, the district court granted plaintiff's motion for appointment of counsel. (Docket # 34). On September 19, 2007, this Court denied Mitchell's motion to amend the complaint without prejudice to renewal pending appointment of counsel. (*Id*.). On September 25, 2007, counsel was appointed to represent plaintiff. (Docket # 37).

Extended several times, the court-ordered deadline for amending the pleadings was last extended until May 8, 2009. (Docket ## 39, 43, 44). In that scheduling order, this Court expressly cautioned, "No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension." (Docket # 43 at 1) (emphasis in original). Appointed counsel did not move to amend the complaint, although Mitchell frequently wrote this Court regarding his desire to do so. (*See* Letters from Mitchell dated June 10, 2009; July 1, 2009; Dec. 20, 2009; June 14, 2010; Oct. 13, 2010; Oct. 17, 2010).

On November 16, 2010, the order appointing counsel was rescinded, and Mitchell is now proceeding *pro se*.  (Docket # 58).

On January 3, 2011, Mitchell filed the pending motion to amend his complaint. (Docket # 61).  Mitchell's proposed amended complaint significantly broadens the scope of the claims in the original complaint.  He seeks to add allegations concerning six purported Rule 105.12 violations at multiple correctional facilities over the course of more than five years: Sing Sing on June 10, 2001; Attica on January 27, 2002; Auburn on December 22, 2004; Elmira on July 22, 2005; and, Clinton on September 8, 2006 and November 9, 2006.  (Docket # 61-2 at ¶¶ 21-46).  Each of the new factual allegations details substantially similar events in which Mitchell was charged with violating Rule 105.12, faced disciplinary proceedings and then appealed the decision.  (*Id*.).  In addition, Mitchell seeks to amend the parties to this action by removing one of the original defendants, substituting the former Commissioner of DOCS with his successor and adding nine new defendants.[2]  (*Id*. at ¶¶ 5-18).

Mitchell contends that he should be granted leave to amend because each Rule 105.12 violation with which he was charged "represent[ed] a continuous violation and infringement of [his] First Amendment rights."  (Docket # 61-1 at 1).  He further contends that "any lack of diligence lies with [his] formal *pro bono* counsel and with this Court."  (Docket # 67 at 1).

Defendants oppose the motion on the grounds that (i) plaintiff has not demonstrated good cause; (ii) leave to amend would prejudice the defendants by causing delay;

---

[2]  Plaintiff's motion to amend should granted to permit the withdrawal of claims against defendant John Burge and the substitution of DOCS Commissioner Brian Fischer for defendant and former Commissioner of NYS DOCS Glenn Goord for all claims brought against Goord in his official capacity.

and (iii) amendment is futile because the claims are barred by the statute of limitations.  (Docket # 65 at 1, 5).

## DISCUSSION

I turn first to the question of whether Mitchell has shown good cause to amend his complaint after the court-ordered deadline for amending the pleadings.  In deciding such a motion, a court must balance the requirements of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure.  *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000).  Under Rule 15, "[t]he Court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Generally, under Rule 15, if the underlying facts or circumstances relied upon by a party seeking leave to amend may be a proper subject of relief, that party should be afforded the opportunity to test the claim on its merits.  *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. at 182.

According to Rule 16(b), the district court shall enter a scheduling order setting a deadline for subsequent proceedings in the case, including amendments to the pleadings.  Fed. R. Civ. P. 16(b).  By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that "at some point both the parties and the pleadings

will be fixed." *See* Fed. R. Civ. P. 16. Advisory Committee's Note (1983 amendment,

discussion of subsection (b)).  The rule provides that "[a] schedule may be modified only for

good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia*

*Pictures Indus.*, 204 F.3d at 340.

        In *Parker*, the Second Circuit addressed the showing required of a party moving to

amend its pleadings after the time set by the court for filing such motions.  204 F.3d at 340.  In

that case, the court joined several other circuits in holding that "the Rule 16(b) 'good cause'

standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed

after the deadline a district court has set for amending the pleadings." *Parker*, 204 F.3d at 340

(citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (*per curiam*)

(considering Rule 15(a) without regard to Rule 16(b) would render scheduling orders

meaningless); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999) (court may

require showing of good cause for motion to amend filed after deadline set forth in scheduling

order), *cert. denied*, 529 U.S. 1038 (2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

604, 610 (9th Cir. 1992) (denying leave to amend for lack of good cause shown is not abuse of

discretion because Rule 16 was drafted to provide courts with control over its docket and to

prevent disruption); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992)

(finding that it was not an abuse of discretion to deny leave to amend pursuant to Rule 16, despite

lenient standards of Rule 15)).

        According to the Second Circuit, "despite the lenient standard of Rule 15(a), a

district court does not abuse its discretion in denying leave to amend the pleadings after the

deadline set in the scheduling order where the moving party has failed to establish good cause."

*Parker*, 204 F.3d at 340.  "Good cause," the court reasoned, "depends on the diligence of the

moving party."  *Id*.; *Holmes v. Grugman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good

cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix*

*Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)), *cert denied*, 131 S. Ct. 795 (2010)*; accord Kassner v.*

*2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp.,*

*Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

   "Litigants are bound by the professional conduct of the[ir] attorney[]."  *Mast*

*Indus., Inc. v. Mann*, 1991 WL 12359, *1 (S.D.N.Y. 1991); *accord Davidowitz v. Patridge*, 2010

WL 1779279, *4 (S.D.N.Y. 2010); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)

(avoiding "the consequences of the acts or omission" of his attorney "would be wholly

inconsistent with our system of representative litigation, in which each party is deemed bound by

the acts of his lawyer-agent").  Accordingly, a delay attributed to the actions of former counsel

does not constitute good cause to amend.  *Davidowitz v. Patridge*, 2010 WL 1779279 at *4;

*Glover v. Jones*, 2006 WL 3207506, *4 (W.D.N.Y. 2006), *reconsidered on other grounds*, 2007

WL 87623 (W.D.N.Y. 2007); *Pyke v. Cuomo*, 2004 WL 1083244, *2 (N.D.N.Y. 2004)

(collecting cases; "[t]he mistake or inadvertence of counsel will not support a finding of good

cause"); *Mast Indus., Inc. v. Mann*, 1991 WL 12359 at *1.

   In determining whether to grant a motion to amend, the Court must weigh the

good cause shown for the delay against the prejudice to the non-movant that will result from the

amendment.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City*

*Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).  Considerations of prejudice include whether the new

claim would:  (1) require significant additional discovery, (2) significantly delay the resolution of

the dispute, or (3) prevent the non-moving party from bringing a timely action in another jurisdiction. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993).  "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)."  *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y. 2009) (emphasis omitted) (citing *Estate of Radcliffe v. Pradera Realty Co.*, 2007 WL 3084977, *1 (S.D.N.Y. 2007)).

Here, Mitchell filed the instant motion to amend more than nineteen months after the Court's deadline and over four years after defendants filed their answer to the original complaint.  Mitchell does not maintain that he was unaware of the facts underlying the additional claims until after the motion deadline had passed, but rather attributes the delay to his prior counsel's neglect.  (Docket # 67 at 1).  In view of the multiple letters from Mitchell articulating his desire to amend, whether the record before the Court demonstrates good cause is a close question.

Defendants maintain that if Mitchell is allowed to amend his complaint, both the original defendants and the proposed new defendants would be prejudiced.  Specifically, they allege that such amendment "may well affect witnesses' memories, the ability to locate witnesses, protract litigation and the preservation of evidence" [*sic*].  (Docket # 65 at 5).  This concern is far from speculative in a case which has been pending for over five years.

Even if Mitchell could demonstrate good cause and an absence of prejudice, Mitchell's claims are nonetheless time-barred under the applicable statute of limitations, which is three years for Section 1983 actions, *see* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to Section 1983 case), and

7

accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action," *see*, *e.g.*, *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002).  Here, plaintiff proposes to add claims that accrued between 2001 and 2006 and are therefore time-barred.

Mitchell's claims also fail under the relation back doctrine, which allows claims that are otherwise untimely to relate back to the claims in the original complaint.  *See* Fed. R. Civ. P. 15(c); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996).  The relation back doctrine requires the moving party to demonstrate that the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Plaintiff's proposed new claims arise from events that occurred at five separate facilities over a period of five years.  They do not arise from the same transaction or occurrence alleged in the initial complaint – the March 28, 2006 Rule 105.12 violation at Elmira.  *See Schiavone v. Fortune*, 477 U.S. 21 (1986) (in order to relate back "the basic claim must have arisen out of the conduct set forth in the original pleading").

Moreover, Mitchell's invocation of the continuing violation doctrine does not avoid the limitations bar.  Each Rule 105.12 violation of which Mitchell complains constitutes a discrete act, thus making the continuing violation doctrine inapplicable.  *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009) (continuing violation theory does not apply to "discrete acts of unconstitutional conduct").  Specifically, the continuing violation doctrine applies only to repeated conduct that "cannot be said to occur on any particular day" and that is not actionable on its own; "[s]uch claims are based on the cumulative effect of individual acts."  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-15 (2002).  *See also Shomo v. City of New York*, 579 F.3d at 182 ("continuing violation doctrine can be applied when the plaintiff's claim seeks

redress for injuries resulting from 'a series of separate acts that collectively constitute one

'unlawful [act]''").  Here, Mitchell seeks to add six new alleged violations by different

defendants at five separate correctional facilities; however, "distinct incidents involving different

time periods, circumstances and locations" do not constitute a continuing violation.  *Young v.

Strack*, 2007 WL 1575256, *5 (S.D.N.Y. 2007) (internal brackets omitted).  *See also Kellogg v.

New York State Dep't of Corr. Svcs*., 2009 WL 2058560, *1 n.1 (S.D.N.Y. 2009) ("series of

discr[ete] punishments and abuses traceable to individual incidents" could not constitute

continuing violation); *Sundaram v. Brookhaven Nat'l Lab*., 424 F. Supp. 2d 545, 561 (E.D.N.Y.

2006) (actions taken by different persons at different times did not allege a continuing violation).

　　　　　Further, even if Mitchell could successfully invoke the continuing violation theory

to allege that DOCS maintained an unconstitutional policy by enforcing Rule 105.12, Mitchell

has failed to allege any additional acts taken by any of the newly-named defendants in

furtherance of the policy on or after January 3, 2008, three years prior to the filing of this motion.

*Shomo*, 579 F.3d at 181-82 (plaintiff must allege some non-time-barred acts taken in furtherance

of the complained-of unconstitutional policy); *Gonzalez v. Wright*, 665 F. Supp. 2d 334, 350

(S.D.N.Y. 2009) ("in order for the continuing violation theory to apply, plaintiff [must] show that

those specific individuals committed at least one wrongful act within the statutory time period").

Accordingly, Mitchell's claims are time-barred.

　　　　　In sum, I recommend that plaintiff's motion to amend his complaint be denied.

## <u>CONCLUSION</u>

For the reasons stated above, I recommend that the district court deny plaintiff's motion to amend his complaint **(Docket # 61)**, except to allow plaintiff to withdraw his claims against defendant John Burge and to substitute Commissioner Brian Fischer for defendant Commissioner Glenn Goord in claims brought against him in his official capacity.  In addition, plaintiff's motion to expedite **(Docket # 68)** is **DENIED as MOOT**.

**IT IS SO ORDERED.**

<em>s/Marian W. Payson</em><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated:  Rochester, New York
      August   24  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
          August   24  , 2011