UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONTIE S. MITCHELL,

                            Plaintiff,

    -vs-                                      DECISION and ORDER

BRIAN FISHER, *et al.*,                          06-CV-6197-CJS-MWP

                            Defendants.
_____

**APPEARANCES**

For Plaintiff:                     Dontie S. Mitchell *pro se*
                                      98-A-0071
                                      Southport Correctional Facility
                                      Post Office Box 2000
                                      Pine City, NY  14871-2000

For Defendants:                 J. Richard Benitez, A.A.G.
                                      Benjamin A. Bruce, A.A.G.
                                      New York State Attorney General's Office
                                      144 Exchange Boulevard, Suite 200
                                      Rochester, NY 14614

**INTRODUCTION**

      Plaintiff Dontie S. Mitchell has filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his First Amendment right to freedom of association. Complaint, Apr. 14, 2006, ECF No. 1. Now before the Court is Plaintiff's Motion for Summary Judgment, Jan. 18, 2011, ECF No. 63, and his motion to

reconsider, Feb. 16, 2012, ECF No. 78, the Court's previous Decision and Order, Oct. 5, 2011, ECF No. 75, adopting the Honorable Marian W. Payson's Report and Recommendation, Aug. 24, 2011, ECF No. 72, and denying Plaintiff's Motion to Amend, Jan. 3, 2011, ECF No. 61. In addition, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Def.s' Motion to Dismiss, Jun. 15, 2010, ECF No. 49. For the reasons that follow, Defendants' motion to dismiss is granted in part, denied in part, and Plaintiff's motions are denied.

## BACKGROUND

In his complaint, Plaintiff alleges that on March 28, 2006, Defendants violated his First, Fifth, and Fourteenth Amendment rights by confiscating literature he possessed from the National Afrikan Collectivists Association under former Prison Rule 105.12,[1] which prohibited inmates from possessing unauthorized organizational materials. On January 3, 2011, Plaintiff filed a motion to amend his complaint, ECF No. 61. He proposed to significantly broaden the scope of his claims from the original complaint by adding six additional Rule 105.12 violations and to remove one original defendant and add nine new defendants. The Court denied the motion, except as to grant the withdrawal of claims against defendant John Burge and substitute Department of Community and Correctional Services ("DOCCS") Commissioner Brian Fischer for defendant and former Commissioner Glenn Goord on all claims brought against Goord in his official capacity. The Court disregards the facts included in Plaintiff's summary

---

[1] Defendants have labeled the rule as an Institutional Rule of Conduct. Mem. of Law in Opp'n to Pl's Motion for Preliminary Injunction at 2, Jun. 13, 2006, ECF No. 13.

judgment motion that relate to allegations he sought to add through his motion to amend.[2]

On January 18, 2011, Plaintiff filed the pending summary judgment motion, ECF No. 63. The Court did not issue a scheduling order, and therefore, pursuant to the local rules then in effect, Defendants had until thirty days after service of the motion to file a response. W.D.N.Y. Loc. R. Civ. P. 56.1(e) (2003). Plaintiff's Certificate of Service, Jan. 18, 2011, ECF No. 63-4, shows service made on January 14, 2011. On December 9, 2011, ECF No. 77, J. Richard Benitez, Esq., filed a Declaration in response to Plaintiff's summary judgment motion. In his Declaration, Mr. Benitez asserts that Plaintiff's motion is a nullity since it "is premised on a proposed amended complaint against non-parties." Benitez Decl. ¶ 3. Although Defendants have filed Mr. Benitez's Declaration in response, they did not fully comply with W.D.N.Y. Loc. R. Civ. P. 56.1 (2003).

## STANDARDS OF LAW

The Second Circuit has addressed the standard of law with regard to unopposed summary judgment motions:

> Federal Rule of Civil Procedure 56 provides that if a non-moving party fails to oppose a summary judgment motion, then "summary judgment, *if appropriate*, shall be entered against" him. Fed. R. Civ. P. 56(e) (emphasis added). This Court has made clear, however, that where the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker*, 274 F.3d at 681. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then "summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (internal quotation

---

[2] The Court recognizes that Plaintiff's pending motion was filed prior to this Court's denial of his motion to amend his complaint and therefore, it is not unreasonable that Plaintiff included statutorily barred allegations within his supporting motion documents. However, the Court will not accept those allegations as undisputed facts.

> marks omitted); *Giannullo*, 322 F.3d at 141 (noting that the "non-movant is not required to rebut an insufficient showing"). Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion. *Giannullo*, 322 F.3d at 143 n. 5 (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").
>
> An unopposed summary judgment motion may also fail where the undisputed facts fail to "'show that the moving party is entitled to judgment as a matter of law.'" *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996) (*per curiam*) (quoting Fed. R. Civ. P. 56(c)).

*Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Amaker v. Foley*, 274 F.3d 677 (2d Cir. 2001); *Giannullo v. City of N.Y.*, 322 F.3d 139 (2d Cir. 2003)).

The Court construes Plaintiff's motion, ECF No. 78, as one for reconsideration. As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. See *id.*" *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might

4

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ANALYSIS

The Court finds no basis for reconsideration of its prior decision denying Plaintiff's motion to amend. Nothing raised in his pending motion to reargue, which the Court has construed as a motion to reconsider, provides a basis for reconsideration.

The Court next considers Defendants' motion to dismiss. While Plaintiff was represented by *pro bono* counsel,[3] counsel filed a memorandum of law in response to Defendants' motion to dismiss. Pl.'s Mem. of Law, Sept. 10, 2010, ECF No. 54. In that memorandum, counsel wrote:

> The Courts have stated, "The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will occur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Lamar Advertising of Pennsylvania LLC v. Town of Orchard Park*, 356 F.3d 365 (2d Cir. 2004).

Pl.'s Mem. of Law at 2. Plaintiff argued that because Defendants had subjected him to discipline under an allegedly unconstitutional rule, the change in the rule did not moot the case for compensatory damages and other remedies. *Id*. Here, Defendants ask the Court merely to dismiss, "all claims for declaratory and injunctive relief, excluding money damages, in the complaint because they no longer present a real, live controversy." *Id.* at 3. The Court agrees. The only live issue remaining is whether the old rule was unconstitutional, or unconstitutionally applied to Plaintiff, and deprived him of rights secured by the Constitution. Plaintiff seeks damages and return of confiscated materials that were not deemed to violate the rule. Pl.'s Mem. of Law at 1, Jan. 18,

---

[3] The Court granted *pro bono* counsel's request to withdraw by Order entered on November 16, 2010, ECF No. 58.

2011, ECF No. 63-3. Toward that end, the Court now turns to Plaintiff's motion for summary judgment.

As previously indicated based upon its past decision in this case, denying Plaintiff his motion to amend his complaint, the Court disregards large portions of his supporting declaration and memorandum filed in support of his summary judgment motion. The Court previously found that Plaintiff's allegations concerning Rule 105.12 violations at the following location and dates were barred by the Statute of Limitations: Sing Sing on June 10, 2001; Attica on January 27, 2002; Auburn on December 22, 2004; Elmira on July 22, 2005; and, Clinton on September 8, 2006 and November 9, 2006. In Plaintiff's summary judgment motion, he relies on these allegations to form a total of 367 days in disciplinary confinement for which he seeks compensation. Since so many of the days spent in disciplinary confinement are beyond the limitations period, the Court will discount those days from consideration, leaving 78 days as actionable in this case. Because Plaintiff requests an award of $300.00 per each day, his requested award is $23,400.00.

In *Shakur v. Selsky*, 391 F.3d 106 (2d Cir. 2004), the Second Circuit described the former Rule 105.12 as follows:

> DOCS Institutional Rule of Conduct 105.12. Rule 105.12 provides that "inmates shall not … possess … or use unauthorized organizational insignia or materials." N.Y. Comp. Codes. R. & Regs. tit. 7, § 270.2(B)(6)(iii) (2004). "An unauthorized organization," under Rule 105.12, "is any gang or any organization which has not been approved by the deputy commissioner for program services." *Id.*

*Shakur*, 391 F.3d at 109. Shakur possessed written materials related to the New African Liberation Movement, which the district court held had previously been determined by

6

DOCS to be unauthorized. *Id.* at 111. The district court dismissed Shakur's First Amendment claim, and the Second Circuit vacated that dismissal and wrote:

> Shakur's first claim is that the defendants violated his constitutional right to free expression. Reading Shakur's complaint liberally, we find the complaint alleges (1) that Rule 105.12 is unconstitutional, and (2) in the alternative, that Rule 105.12 did not authorize defendants' confiscations, and, accordingly, that such confiscations were improperly made for reasons of personal prejudice as opposed to legitimate penological interests. We hold that Shakur states a legally sufficient First Amendment claim.

*Shakur*, 391 F.3d at 113. On remand, the case was eventually settled. Stipulation of Settlement and Order of Dismissal, *Shakur v. Selsky*, No. 02-CV-0837M (W.D.N.Y. Sept. 3, 2008), ECF No. 70.

Here, Plaintiff alleged in his Complaint that on March 28, 2006, that Correctional Officer Thomas and Shadduck were ordered by Lt. Hughes to search Plaintiff's cell at Elmira Correctional Facility and that Thomas and Shadduck confiscated the following materials under Rule 105.12: New Afrikan Collectivists Association; Maoist Internationalist Movement; and a website called "It's Right to Rebel." Compl. ¶¶ 14, 18 n.1. Plaintiff was cited for violating Rule 105.12, and a Tier III hearing was held on April 3, 2006, at which he was found guilty and sentenced to seven months' in the Special Housing Unit, loss of privileges, and a recommendation that he lose good time. Compl. ¶¶ 15, 38. Plaintiff argued at the Tier III hearing that the materials did not violate the rule, and that the rule was unconstitutionally applied to his confiscated materials. Mitchell Decl. ¶ 7, Jan. 18, 2011, ECF No. 63-2. Plaintiff "appealed [the decision and punishment], which was granted on June 9, 2006, and the 105.12 violation was expunged from [his] records. Due to [his] 105.12 violation, [he] served 78 days in SHU from March 28, 2006, to June 14, 2006." Mitchell Decl. ¶ 7.

As the Second Circuit observed in *Shakur*:

> "A prison inmate … retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Giano v. Senkowski*, 54 F.3d 1050, 1053 (2d Cir. 1995) (*Senkowski*). "The governing standard is one of reasonableness…." *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 96 L. Ed. 2d 64, 107 S. Ct. 2254 (1987). "The prisoner-plaintiff bears the burden of proving that [a] disputed regulation is unreasonable." *Senkowski*, 54 F.3d at 1054.
>
> The reasonableness of a prison regulation is measured by the three-step analysis outlined by the Supreme Court in *Turner*, 483 U.S. at 89-91. *See Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995). First, we ask "whether the governmental objective underlying the regulations at issue is legitimate and neutral, and [whether] the regulations are rationally related to that objective." *Thornburgh v. Abbott*, 490 U.S. 401, 414, 104 L. Ed. 2d 459, 109 S. Ct. 1874 (1989). Second, we look to see "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 417 (citations and internal quotation marks omitted). Third, we examine "the impact that accommodation of the asserted constitutional right will have on others (guards and inmates) in the prison." *Id.* at 418.

*Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. N.Y. 2004).

Rule 105.12 was subsequently repealed and replaced in 2008 with Rule 105.14.

The new rule reads as follows:

> An inmate shall not engage in or encourage others to engage in unauthorized organizational activities or meetings, or possess printed or handwritten material relating to an unauthorized organization where such material advocates either expressly or by clear implication, violence upon race, religion, sex, sexual orientation, creed, law enforcement status or violence or acts of disobedience against department employees or that could facilitate organizational activity within the institution by an unauthorized organization.
>
> Note: For purposes of this rule an unauthorized organization is any organization which has not been approved by the deputy commissioner for program services. Printed or handwritten material that could facilitate organizational activity includes, but is not limited to, a membership roster, organizational chart, constitution or by-laws. This rule excludes possession of published material that the inmate has obtained through the

> facility library or that has been approved for the inmate to possess through the media review process….

N.Y. Comp. Codes R. & Regs. Tit 7, § 270.2(B)(6)(v), Rule 105.14 (May 28, 2008).

Along with this new rule, Defendants also enacted a precise definition of "gang" in Rule 105.13:

> 105.13 An inmate shall not engage in or encourage others to engage in gang activities or meetings, or display, wear, possess, distribute or use gang insignia or materials including, but not limited to, printed or handwritten gang or gang related material.
>
> Note: For purposes of this rule, a gang is a group of individuals, having a common identifying name, sign, symbol or colors, who have individually or collectively engaged in a pattern of lawlessness (*e.g.*, violence, property destruction, threats of harm, intimidation, extortion, or drug smuggling) in one or more correctional facilities or that are generally recognized as having engaged in a pattern of lawlessness in the community as a whole. For purposes of this rule, printed or handwritten gang or gang related material is written material that, if observed in the inmate's possession, could result in an inference being drawn about the inmate's gang affiliation, but excludes published material that the inmate has obtained through the facility library or that has been approved for the inmate to possess through the media review process.

N.Y. Comp. Codes R. & Regs. Tit 7, § 270.2(B)(6)(iv), Rule 105.13 (May 28, 2008).

Defendants only argument against the pending summary judgment motion is that it is, "a nullity because it has no basis in law or fact." Benitez Decl. ¶ 2, Dec. 9, 2011, ECF No. 77. The Court has searched the papers on file in this case and has not found a copy of the old Rule 105.12. Because the analysis of that rule is paramount to a determination as to whether it violated Plaintiff's constitutional rights, either on its face, or as applied, the Court is unable to grant summary judgment. A material question of fact remains: what did Rule 105.12 say? Even if the Court accepts Plaintiff's unopposed Statement of Material Facts as true, it is unable to analyze Rule 105.12 based on the

*Turner* factors. Consequently, Plaintiff's motion for summary judgment is denied without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss for lack of jurisdiction, Jun. 15, 2010, ECF No. 49, is granted in part and all claims for declaratory and injunctive relief with regard to enforcement of Rule 105.12 are dismissed. Plaintiff's motion to reargue his motion to amend, Feb. 16, 2012, ECF No. 78, is denied and Plaintiff's motion for summary judgment, ECF No. 63, is denied without prejudice.

SO ORDERED.                    ENTER:

Dated: April 17, 2012
       Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge